RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent because I do not agree that the district court abused its discretion in ruling that the proposed expert testimony of Plaintiffs experts should be excluded. I also disagree, in any event, that summary judgment was improperly granted.
The central issue in this case was whether the inventory in Plaintiffs warehouse was damaged as a result of floodwaters that did not even reach the shelves on which inventory was stored. Therefore, the only potential source of damage to the inventory was condensation. The critical question was whether that condensation originated from the flood waters or from some other source of humidity. Because neither of the excluded experts opined as to that critical causation question, the district court acted within its discretion when it excluded their testimony.
We review the district court’s decision to admit or exclude expert testimony for abuse of discretion. See Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 460 (9th Cir.2014) (en banc). The district court is given “broad latitude” in performing this gatekeeping function and no Daubert[1] hearing is required. Id. at 463. A district court abuses its discretion only if it uses an incorrect legal standard or makes factual findings that are “illogical, implausible, or without support in inferences that may be drawn from facts in the record .... ” United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir.2009) (en banc) (citation, footnote reference and internal quotation marks omitted). None of these judicial infractions was committed by the district court judge.
Admission or exclusion of expert opinion testimony in federal courts is governed by Rule 702 of the Federal Rules of Evidence. That rule provides:
*826 A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert’s scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.
At a minimum, the proffered testimony must be “relevant and reliable.” Barabin, 740 F.3d at 463. To be relevant, the proffered evidence must “logically advance a material aspect of the party’s case.” Id. (citation omitted).
The district court rejected the opinion testimony of proffered expert Spiegel on the basis that Spiegel was not “qualified as an expert on the ... specialized data on which he purports to opine.... ” This ruling by the district court was not “illogical, implausible or without support in inferences that may be drawn from facts in the record.... ” Hinkson, 585 F.3d at 1262. It is undisputed that Spiegel never inspected or tested the inventory or its packaging. In addition, Spiegel’s calculation of “ambient air conditions in the warehouse” was performed in October, 2005, two months after the flood, utilizing weather information from www.weatherground.com for the John Wayne International Airport seven miles away. The district court acted well within its discretion in concluding that this less than scientific process was not “relevant and reliable,” Barabin, 740 F.3d at 463, especially given that Spiegel never actually opined on the cause of the condensation.
Similarly, the district court excluded the opinion testimony of proffered expert Pytlewski because he failed to explain “what principles and methods he uses to challenge the report [from Defendant’s expert].” The district court noted that Pytlewski did not visit the warehouse or conduct any independent testing. Pytlew-ski also failed to link his opinions to the perceptions of the witnesses he interviewed. These rulings were well within the discretion of the trial judge, and we have no license to second-guess. See Barabin, 740 F.3d at 462 (explaining that the evidentiary rulings of the trial judge “should not be reversed absent clear abuse of discretion”).
Even if the expert testimony should have been admitted, any error in excluding the testimony was harmless because neither proffered expert opined that the floodwaters caused damage to Plaintiffs inventory. In his report, Spiegel expressed “concerns, that the condensation (water-films) observed on the packaging may have compromised the packaging and possibly the electronic components within those packages.” (emphasis added). Rather than opining definitively on causation, as opposed to “concerns,” Spiegel recommended that “a qualified electronic professional should perform independent testing, to evaluate if this inspector’s concerns are justified.” Not only did Spiegel fail to opine on the causation issue, he all but admitted that he was not qualified to do so.
When asked specifically about damage to the inventory, Pytlewski also hedged. To the question whether the electronic components were damaged by the flood, Pytlewski responded:
I certainly think that some element of corrosion occurred as a result of that high humidity. I don’t know that all of it did. In fact, if it was on the shelf for a long time there’s going to be some *827 element of aging and corrosion. Corrosion would occur as a result of the aging, but I can’t tell from the information I had necessarily, you know, which ones that applies to without even seeing them myself.
(Emphases added).
Pytlewski’s response failed to connect the flood to any damaged inventory. He even conceded that the corrosion he described could occur as a result of the inventory sitting on the shelves for considerable lengths of time. By the end of his statement, he admitted that he “[could not] tell from the information [he had]” which items were corroded and which were not.
Under California law, failure to raise a material issue of fact regarding causation is fatal to Plaintiffs breach of contract claim as well as its bad faith claim. See MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins., 187 Cal.App.4th 766, 779, 115 Cal.Rptr.3d 27 (2010) (explaining that the covered property must be damaged and the damage must directly “occur by the action of the fortuitous event triggering coverage”); see also Guebara v. Allstate Ins. Co., 237 F.3d 987, 992 (9th Cir.2001) (“Under California law, a bad faith claim can be dismissed on summary judgment if the defendant can show that there was a genuine dispute as to coverage[.]”).
The majority opinion relies on the fact that some of Plaintiffs inventory displayed “corrosion, tarnish, or discoloration.” Majority Opinion, p. 818. But that says nothing about the cause of the corrosion, tarnish or discoloration. After all, one of Plaintiffs experts conceded that corrosion could occur as a function of inventory sitting on the shelves unused. The best the majority can muster is “that the vast majority of [Plaintiffs] moisture-proof packages were much older than the industry standard packaging shelf-life recommendation of 12 months and that the moisture-proof package standards require lower than dewpoint humidity....” Id. at 820. Glaringly absent is any reference to opinion testimony that any damage to the inventory was directly caused by the flood-waters. See MRI Healthcare, 187 Cal.App.4th at 779, 115 Cal.Rptr.3d 27. The majority faults Defendant’s expert for failing to disprove causation. See Majority Opinion, pp. 820-21. However, it was Plaintiffs burden to raise a material issue of fact regarding coverage of its claimed loss. See Oglio Ent’mt Group, Inc. v. Hartford Cas. Ins. Co., 200 Cal.App.4th 573, 582, 132 Cal.Rptr.3d 754 (2011). Plaintiff failed to meet its burden, and the district court properly entered summary judgment in favor of Defendant. See Trishan Air, Inc. v. Federal Ins. Co., 635 F.3d 422, 434 (9th Cir.2011).
I agree with the majority that the district court properly excluded Mortenson’s expert report and properly rejected Plaintiffs business interruption claim. As discussed, I fervently disagree with the balance of the majority opinion. I would affirm the district court’s judgment in its entirety. I respectfully dissent.

. Daubert v. Merrell Dow Pharm. Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).